Shauck, J.
The separate character of the two compartments occupied t>y Pickens, and his exclusive possession of them, were not affected by the fact that under the same continuous roof was another compartment which was used exclusively by Bauman. The trial judge correctly held that the case does not come within the provisions of section 7224, Revised Statutes, because there was not a joint use by Pickens and Bauman of the corm partment entered.. For the • same reason, it was *100 correctly charged as the separate property of Pickens.
It is provided in section 7216, Revised Statutes, that “when, on the trial of an indictment there appears to be any variance between the statement in such indictment and the evidence offered in proof thereof, * * * *, in the name or description of any matter or thing therein named, or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial is had, find that such variance is material to the merits of the case, or may be prejudicial to the defendant.” It is clear that the defendant could in no way have been prejudiced by the contiguity of the compartments occupied by Pickens and that occupied by Bauman. It would not have been practicable to allege the ownership of the building with more certainty or particularity. Indeed, the instruction that there was a fatal variance if the compartment broken and entered was used exclusively by Pickens, considered in connection with the instruction, that as there was no evidence showing a joint use by Pickens and Bauman, there could be no conviction under section 7224, was tantamount to holding that a compartment thus related to another cannot be unlawfully broken and entered.
It cannot be maintained that section 7216, Revised Statutes, vests in the trial judge a conclusive discretion to determine what is a fatal variance. That section is subject to the general provisions of the statutes as to the review of the proceedings of the common pleas by the circuit and supreme courts. That an erroneous decision in that regard in the court of common pleas, is sub *101 ject to reversal, if prejudicial to the accused, is shown by all the numerous cases in which such decisions have been reviewed. For equal reasons such decision is contemplated by section 7305, Revised Statutes, under whose favor exceptions are taken by the prosecuting attorney, not with a view to obtaining a reversal of the judgment, but to secure a decision which shall determine the law to govern in any similar case.

The exception is sustained.